UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| ARTHUR S. CAMPBELL | CIVIL ACTION NO. 11-335-P |
| VERSUS | JUDGE FOOTE |
| WARDEN | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Arthur S. Campbell ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on February 28, 2011. Petitioner is incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. He challenges his state court convictions and sentences. He names Warden Lynn Cooper as respondent.

Petitioner was convicted of one count of armed robbery and one count of simple kidnapping in Louisiana's First Judicial Court, Parish of Caddo. Subsequently, he was adjudicated a second felony offender and sentenced to 51 years at hard labor without benefit of parole, probation, or suspension of sentence as to the armed robbery conviction and five years at hard labor as to the kidnapping conviction. The trial court ordered said

sentences to run concurrently.

In support of this petition, Petitioner alleges (1) the bill of information was defective; (2) the assistant district attorney vouched for the credibility of witnesses during closing arguments; (3) he was denied the right to testify because of the State's misconduct; and (4) he received ineffective assistance of counsel.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

> 3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or
>
> 4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order for a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on December 20, 2005, adjudicated a habitual offender on April 24, 2006, and sentenced on May 5, 2006. The Louisiana Second Circuit Court of Appeal affirmed his convictions and sentences on June 20, 2007. State v. Campbell, 42,099 (La. App. 2 Cir. 6/20/07), 960 So.2d 363. Petitioner did not seek writs of review in the Supreme Court of Louisiana. Thus, Petitioner's conviction and sentence became final on July 5, 2007, when the delay for applying for a rehearing expired. See La. C.Cr.P. art. 922.

The federal petition currently before the court was signed by Petitioner on February 22, 2011 and received and filed in this court on February 28, 2011. Since the federal clock began ticking on July 5, 2007 and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before July 5, 2008. This

petition was not filed until February 2011 at the earliest, more than two years too late.

In addition, the post-conviction proceedings conducted by Petitioner do not serve to toll the one-year limitation period as they were not filed within the one-year period. See supra footnote 1. Petitioner claims he mailed an application for post-conviction relief to the trial court on July 28, 2008 which was filed on July 31, 2008 (Doc. 6, p. 6). Review of this application for post-conviction relief continued until the Supreme Court of Louisiana denied writs on October 29, 2010. Petitioner also filed a motion to correct illegal sentence in the trial court in December 2008.

To toll the federal limitation period, a petitioner's post-conviction application or motion must be filed within the federal one-year period. It appears Petitioner did not submit his state post-conviction application until July 28, 2008 and his motion to correct illegal sentence until December 2008, which were both after the limitation period had already expired on July 5, 2008.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b),

parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth

arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 18th day of June 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE